# UNITED STATE DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# CENTREL DIVISION

Myron Simmons, on behalf of himself
And all others similarly situated,

Civil Action No. 20-1048

-VS-

**Jury Trail Demand**

Citizens Equity First Credit Union, et al.

## CLASS ACTION COMPLAINT

Plaintiff Myron Simmons, on behalf of himself and all others similarly situated, Alleges the following based on personal knowledge as to allegations regarding Plaintiff and on information and belief as to other allegation.

This is a civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiff of rights secured by the constitution and laws of the United States. Defendants, while acting in their capacities as police officers in the City of Bloomington, County of McLean, and the State of Illinois, deprived plaintiff of his liberty without due process of law, made an unreasonable search and seizure of the person and property of plaintiff, and deprived plaintiff of his rights, privileges and immunities as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States. This Court has jurisdiction of this action under 42 U.S.C. § 1983 and under 28 U.S.C. § 1343(a) (1).

## INTRODUCTION

1. Plaintiff bring this action on behalf of himself and all others similarly situated Consumers against Defendant Citizens Equity First Credit Union, et al. ("CEFCU") arising from the Credit Union routine practice of (a) assessing more than one insufficient funds fee ("NSF") on the same item and charging *both* NSF Fees and overdraft fees ("OD Fees") on the same item.

2. These practices breach contractual promises; violate the covenant of good faith and fair dealing; and /or result in the Credit Union being unjustly enriched.

3. CEFCU's customers have been injured by the Credit Union's improper practices to the tunes of millions of dollars bilked from their accounts in violation of their agreements with CEFCU.

4. On behalf of himself and the classes, Plaintiff seeks damages, restitution, and Injunctive relief for Defendant's violations as set forth more fully below.

**PARTIES**

   a. Myron Simmons is a resident of Normal, Illinois, and holds a CEFCU checking and saving account.

   b. Tierney Simmons is a resident of Normal, Illinois, and holds a CEFCU checking and saving account.

   c. Defendant Citizens Equity First Credit Union is engaged in the business of proving retail Banking/ Credit Union services to consumers, including Plaintiff and members of the classes. Citizens Equity First Credit Union has its headquarters in Peoria Illinois. Citizens Equity First Credit Union has Billion in assets and provides Banking/ Credit Union services to

customers through bank branches in the Central Illinois. Citizens Equity First Credit Union hereon known as (CEFCU).

d.  Defendant Barber last name unknown at this, however she's the account representative for Plaintiff account. Herein known as Barber, the rep.

## JURISDICTION AND VENUE

This Court has jurisdiction of this Class Action Fairness Act of 2005. Pursuant to 28 U.S.C. §§ 1332(d)(2) and (6), this court has original jurisdiction because (1) the proposed Classes are comprised of at least 100 members; (2) proposed class members reside in the Central Illinois parts; (3) the aggregate claims of putative class members exceed $5 million, exclusive of interest and cost.

5. Venue is proper in the district Pursuant to 28 U.S.C. §§ 1391 because CEFCU is subject to personal jurisdiction here and conduct regular business in this district, and because the events or omissions giving rise to the claims asserted herein occurred in this district.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

I.  **CEFCU CHARGED MORE THAN ONE NSF FEE ON THE SAME ITEM AND CHARGED BOTH NSF FEES AND OD FEES ON THE SAME ITEM**

10. As alleged more fully herein, CEFCU's Personal account Agreement ("Deposit Agreement"), Truth in Savings Disclosure, and fee Schedule (collectively

3

"Account Documents") allow it to charge a single $30 NSF Fee or a single $30 OD Fee when item, including an electronic payment item, is returned for insufficient funds or paid into insufficient funds.

11. CEFCU breached its contract when it charges more than one $30 NSF Fee on the same item, since the contract explicitly states—and reasonable consumers understand that the same item can only incur a single NSF OR OD FEE.

12. The Credit Union similarly breached its contract when it charges both a $30 NSF Fee (or multiple NSF Fees) and a $30 OD Fee on the same item, since the contract explicitly states—and reasonable consumers understand--that the same item cannot incur both type of Fees (NSF OR OD FEE).

13. This abusive practice is not universal in the financial services industry, CEFCU Deposit Agreement never discloses this practice. To the contrary, the Deposit Agreement indicates it will only charge a single NSF Fee or OD Fee on an item.

A. **Plaintiff Simmons's Experience.**

14. On serval account Plaintiff Automobile financial company attempted to retrieve its monthly payment, CEFCU processed the same item and charged Plaintiff two $30 Fees for insufficient funds.

15. In sum, CEFCU assessed Plaintiff over $_____ in fees in its effort to process said payments---- it could have simple made in the first instance into overdraft and charged one fee each.

4

16. Plaintiff understood the payments to each be a single item as it is laid out in CEFCU contract, capable at most of receiving a single NSF Fee (if CEFCU returned them) or a single OD Fee (if CEFCU paid them).

17. Unbeknown to Plaintiff, and without his request to CEFCU to reprocess the item, however, serval days later CEFCU processed the same item yet again.

## B. THE Imposition of Multiple NSF Fees on a single Transaction Violates CEFCU`S Express Promises and Representations.

18. CEFCU`S Account Documents repeatedly discuss OD and NSF Fees together as "Overdraft Fees" and repeatedly states that the Credit Union will assess a single Overdraft Fee of $30 per item that is returned due to insufficient funds.

19. According to Fee Schedule, at most a single fee will be assessed when an "item" is returned or paid into overdraft:

Overdraft/insufficient/Unavailable funds **(per item)** $30.00*

*Applies to overdrafts created by check, in-person, withdrawal, ATM withdrawal (unless precluded) or other electronic means.

20. The same check, automatic bill payment or other electronic payment on an account cannot conceivably become a new item each time it is rejected for payment then reprocessed, especially when, as in here Plaintiff took no action to resubmit the item.

21. There is zero indication anywhere in the account documents that the same item is eligible to incur multiple NSF Fees. Indeed, CEFCU Account Agreement says

5

that an "item.... *Includes*" all the following, all of which are created only by the affirmative action of an accountholder:

An insufficient "item" may include the following:

- Check
- Pre-authorized withdrawal
- Online bill payment
- ATM cash withdrawal
- Debit card purchase
- Online banking
- Telephone transfer

22. As alleged herein, Plaintiff took only a single action to make a single payment; he may therefore be charged only a single fee.

23. Moreover, by expressly linking OD Fees and NSF Fees in the disclosure, CEFCU bolsters the reasonable assumption that only a single fee can be assessed on an item. For an item charged an "overdraft fee" and thus paid into overdraft, there is no chance it can be subjected to reprocessing and thus no chance it could be subjected to a second or third fee, since it has already been paid. No reasonable contract reading could allow the other fee mentioned in the disclosure, the NSF fee, to be treated no differently and assessed two or three times on the same item.

24. The disclosure described above never discuss a circumstance where CEFCU may asses multiple NSF or OD Fees for an item that was returned for insufficient funds and later reprocessed one or more times and returned again.

25. In sum, CEFCU promises that a one $30 NSF Fee or one $30 OD Fee will be assessed per item, and this must mean all iterations of the same instruction for payment. As such, CEFCU breached the contract when it charged more than one fee per item.

## C. The Imposition of Multiple NSF Fees or OD Fees on a Single Transaction CEFCU`S Duty of Good Faith and Fair Dealing.

26. Parties to a contract are required not only to adhere to the express conditions in the contract, but also to act in good faith when they are invested with discretionary power over the other party. In such circumstances, the party with the discretion is required to exercise that power and discretion in good faith. This creates an implied promise to act in accordance with the parties 'reasonable expectations and means that the bank is prohibited from exercising its discretion to enrich itself and gouge its customers. Indeed, the Bank/ Credit Union has a duty to honor transaction requests in a way that is fair to Plaintiff and its other customers and is prohibited from exercising its discretion to pile on ever greater penalties. Here----in the adhesion agreements CEFCU foisted on Plaintiff and its other customers--- CEFCU has provided itself numerous discretionary powers affecting customers` Credit Union accounts. But instead of exercising that discretion in good faith and consistent with consumers` reasonable expectation, the Credit Union abuses that discretion to take money out of consumers` accounts without permission and contrary to their reasonable expectations that they will not be charged multiple fees for the same transaction.

27. CEFCU also abused discretion under the contract to engage in reject-then- pay or by paying-then-rejecting--- and charging an NSF Fee and a $10 return fee on an item and then, days later, doing the same thing on the same item and charging the same fees, despite the consumer being in the same (insufficient funds) financial situation.

28. Barber, the rep on behalf of CEFCU also abused discretion by transferring negative funds from Plaintiff's checking account to his saving account and making said funds a positive, and closing Plaintiff's checking and saving account, and two months later closing Plaintiff's credit card even when Plaintiff was in good standers.

29. Barber, the rep on behalf of CEFCU also abused discretion by transferring funds form Plaintiff daughter's checking account to her saving account without Plaintiff agreement, and then locked Plaintiff and his daughter out of said accounts.

## CLASS ACTION ALLEGATIONS

30. Plaintiff bring this action on behalf of himself and on behalf of all others similarly situated pursuant to Federal Rule 23. The Classes include:

All persons who, within the applicable statute of limitations period, were charged multiple NSF Fees for debit items in a CEFCU checking account (the "Multiple NSF Class").

All persons who, within the applicable statute of limitations period, were charged an NSF Fee and or an OD Fee for the same item in a CEFCU checking account (the "Multiple NSF/OD Class").

All Illinois citizens who, within the applicable statute of limitations period, were charged multiple NSF Fees for debit items in a CEFCU checking account (the "Illinois Multiple NSF Class").

All persons who, within the applicable statute of limitations period, were charged an NSF Fee and or an OD Fee for the same item in a CEFCU checking account (the "Illinois Multiple NSF/OD Class").

31. Excluded from the Classes are Defendant, Defendant's subsidiaries and affiliates, their officers, directors, and the members of their immediate families, and any entity in which Defendant has controlling interest, the legal representatives, heirs, successors, or assigns of any such excluded party, the judicial officer(s) to whom this action is assigned, and the members of their immediate families.

32. Plaintiff reserves the right to modify or amend the definition of the proposed Classes and/or to add subclasses if necessary before this Court determines whether certification is appropriate.

33. The question here are one of common or general interest such that there is a well-defined community of interest among the member of the Classes. These question predominate over question that may affect only individual Class members because CEFCU has acted on grounds general applicable to the Classes. Such common legal or factual question include, but are not limited to:

  a. Whether CEFCU improperly charged NSF or OD Fees;

  b. Whether any of the conduct enumerated above violates the contract;

  c. Whether any of the conduct enumerated above violates the covenant of good faith and fair dealing;

  d. Whether any of the conduct enumerated above constitutes unjust enrichment; and

  e. The appropriate measure of damages.

34. The parties are numerous such that joinder is impracticable. Upon information and Belief, and subject to class discovery, the Classes consist of thousands of members or more, the identities of whom are within the exclusive knowledge of and can be ascertained only by resort to CEFCU'S records. CEFCU has the administrative capability through its computer systems and other records to identify all members of said Classes, and such specific information is not otherwise available to Plaintiff.

**Plaintiffs' request for jury trial**

Sign: *Myron Simmons*      Date: January 29, 2020

1700 N School st Apt; 124

Normal, IL 61761

309-706-5717

UNITED STATE DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

CENTREL DIVISION

Myron Simmons, on behalf of himself
And all others similarly situated,

Civil Action No._____

-VS-

**Jury Trail Demand**

Citizens Equity First Credit Union, et al.

## CERTIFICATE OF SERVICE

Citizens Equity First Credit Union

5401 W Dirksen Parkway

Peoria, IL 61607

Barber last name unknown

5401 W. Dirksen Parkway

Peoria, IL. 61607

**PLEASE TAKE NOTICE** that on January 29, 2020; the undersigned Pro Se deposes and states that a copy of the foregoing was served upon the United State District Court in Peoria IL. To be served on the above named, at the address, by depositing same in the U.S. MAIL in Bloomington, IL, with proper postage prepaid and / or by e-mailing same via CN/ECF Filing at his / her email address.

Sign: _/s/ Myron Simmons_   Date: January 29, 2020

Myron Simmons

1700 N School st Apt; 124

Normal, IL 61761

309-706-5717

JS 44 (Rev. 09/19)                                    CIVIL COVER SHEET

RECEIVED
JAN [date]
U.S. CLERK'S OFFICE
PEORIA, ILLINOIS

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff  McLean
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Peoria
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Pro'se

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☒ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☒ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☒ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Class action Fairness 28 USC § 1332(d)(a)

Brief description of cause:
Fair Banking

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*
JUDGE                                    DOCKET NUMBER

DATE  1/29/2020

SIGNATURE OF ATTORNEY OF RECORD  [signature]

**FOR OFFICE USE ONLY**

RECEIPT #           AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE



Mylon Simmons
1700 N School St. Apt 104
Normal, IL 61761

United States District Court
100 N.E. Monroe St #231
Peoria, IL 61602

U.S. POSTAGE PAID
FCM LG ENV
BLOOMINGTON, IL
61701
JAN 23, 20
AMOUNT
$2.00
R2304Y121908-03